IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BADGER MIDSTREAM ENERGY, L.P.,** § § § | | |
| **Plaintiff,** § § | | |
| vs. § § | Civil Action No.: _____ | |
| **AIR PRODUCTS AND CHEMICALS, INC.** § § § § | **Jury Demanded** | |
| **Defendant.** § | | |

## AIR PRODUCTS AND CHEMICALS, INC.'S NOTICE OF REMOVAL

Air Products and Chemicals, Inc. (hereinafter "Air Products"), removes the above-captioned case, in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, from the 127th District Court for Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and would respectfully show this Court as follows:

### I.
### INTRODUCTION

1. Federal jurisdiction exists over this lawsuit because it involves parties with diverse citizenship and the amount in controversy exceeds $75,000.00.

### II.
### BACKGROUND

2. This is a contract dispute arising out of an agreement between Air Products and Badger Midstream Energy, L.P. (as purported successor of Keyes Helium Company, LLC, and referred to herein collectively as "Badger"),[1] concerning the parties' respective rights and

---

[1] Air Products specially excepts and objects that Badger is a proper plaintiff in this lawsuit. (*See* Special Exception No. 3, Air Products and Chemicals, Inc.'s Special Exceptions, Original Answer, and Counterclaims, at ¶ 7). For the sake of clarity and expressly without waiving its Special Exceptions, Air Products herein refers to Keyes Helium Company, LLC, and Badger Midstream Energy, L.P., as "Badger," collectively.

limitations under their helium supply agreement, which is memorialized in the Contract for Sale and Purchase of Liquid Helium between Keyes Helium Company, LLC, and Air Products, as amended and restated as of January 1, 1999, and as further amended (the "Agreement").[2] Article 6 of the Agreement provides that both parties may request a certain amount of crude helium be tolled at Badger's facility, but under different circumstances. Specifically, under the express terms of Article 6.1, as amended, Badger's right to request tolling expired at the end of 2012.

3. In or around October 2015, Badger asserted that Air Products provided insufficient amounts of crude helium in 2014 and 2015, and owed Badger payment for these alleged shortfalls. In July 2016, Badger attempted to terminate the Agreement and filed suit asserting breach of contract in the 127th District Court of Harris County, Texas, under Cause No. 2016-47310 and styled *Badger Midstream Energy, L.P., vs. Air Products and Chemicals, Inc.* However, Badger's breach of contract claim is unfounded and untenable, and its termination ineffective, because:

    (a) Badger's right to request tolling under Article 6.1 of the Agreement expired in 2012;

    (b) The Agreement does not contemplate payment to Badger in the event Air Products requests tolling under Article 6.2 but Badger is unable to produce up to the specified quantity of liquid helium during the Contract Year; and

    (c) In 2014 and 2015, Air Products either tendered adequate amounts of crude helium to Badger or else made available but did not tender due to Badger's inability to toll amounts already tendered for that Contract Year.

---

[2] Article 16 of the Agreement provides that its interpretation and performance thereunder "shall be governed by the laws of the State of Colorado, without giving effect to its conflict of law provisions." Therefore, Air Products cites to applicable Colorado law herein.

4. On August 2, 2016, Air Products sent correspondence to Badger demanding that Badger provide adequate assurances of performance by August 12, 2016. To date, Badger has provided no such assurances to Air Products. TEX. BUS. & COM. CODE § 2.609; COLO. REV. STAT. § 4-2-609.

## III.
## DIVERSITY OF CITIZENSHIP

5. Federal diversity jurisdiction exists in this case because the parties are diverse.[3] Air Products was incorporated in Delaware and its principal place of business is in Pennsylvania. Based on publicly-available information, Badger Midstream Energy, L.P., is a Texas limited partnership. Badger's general partner is Hooker Midstream, Energy LLC ("Hooker"), a Texas limited liability company. Hooker's initial manager, Joseph W. Sutton, is a Texas resident.

## IV.
## TIMELINESS

6. This notice of removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of July 25, 2016, the date Air Products was served with a summons and a copy of Badger's Original Petition.

## V.
## THE AMOUNT-IN-CONTROVERSY

7. Diversity jurisdiction requires that the actual matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, determined as of the time that the action is commenced. 28 U.S.C. § 1332(a). In cases removed to federal court, the jurisdictional amount must also be satisfied when the notice of removal is filed. 28 U.S.C. § 1441(a).

---

[3] This is a civil action brought in a state court of Texas over which the United States District Courts have original jurisdiction in that there is diversity of citizenship between the parties properly joined. 28 U.S.C. § 1332. Hence, this action is removable under 28 U.S.C. § 1332.

8. A dispute satisfies this statutory minimum if it is readily apparent on the face of the pleading that the amount-in-controversy exceeds $75,000.00. *See SWS Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) ("[W]e begin our review by applying the 'facially apparent' test, which requires us to look only at the face of the complaint and ask whether the amount in controversy exceeds $ [75],000.").

9. This case exceeds the $75,000.00 statutory minimum. Badger seeks monetary damages for breach of contract and specifically pleads on the face of its Original Petition that its damages exceed $1,025,020.00. (Pl.'s Orig. Pet., ¶ 25).

## VI.
### VENUE

10. Venue for this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to Harris County, the place where the state-court action is pending.

## VII.
### JURY DEMAND

11. Air Products requested a trial by jury. (*See* Air Product's Special Exceptions, Orig. Answer, and Counterclaims).

## VIII.
### PAPERS FROM THE REMOVED ACTION

12. Pursuant to Local Rule 81, the following documents are attached to this Notice of Removal:

    Exhibit 1:    Plaintiff's Original Petition;

    Exhibit 2:    Certified copies of all executed process, pleadings asserting causes of action and answers to such pleadings, and orders in the removed case;

    Exhibit 3:    A certified copy of the docket sheet;

> Exhibit 4:   An index of matters being filed;
>
> Exhibit 5:   A list of all counsel of record, including addresses, telephone numbers and parties represented; and
>
> Exhibit 6:   Civil Cover Sheet

13.  Air Products has served all parties with a copy of this Notice of Removal and forwarded it for filing with the Clerk of the District Court of Harris County, Texas, Cause No. 2016-47310, *Badger Midstream Energy, L.P., vs. Air Products and Chemicals, Inc.*, in the District Court of Harris County, Texas, 127th District Court in accordance with 28 U.S.C. § 1446(d).

## IX.
### CONCLUSION

14.  This state-court action may be removed to this Court by Air Products in accordance with provisions of 28 U.S.C. § 1441(a) because (1) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division; (2) this action is between citizens of different states; and (3) the amount in controversy exceeds $75,000, exclusive of interests and costs.

Respectfully submitted,

**JOHNSON, TRENT, WEST & TAYLOR, L.L.P.**

By: */s/ T. Christopher Trent*
    T. Christopher Trent
    Texas Bar No.  20209400
    Benjamin W. Allen
    Texas Bar No. 24069288
    Scott E. McCarty
    Texas Bar No. 24094826
    919 Milam, Suite 1700
    Houston, Texas 77002
    (713) 222-2323 – Telephone
    (713) 222-2226 – Facsimile
    ctrent@johnsontrent.com
    ballen@johnsontrent.com
    smccarty@johnsontrent.com

**ATTORNEYS FOR DEFENDANT
AIR PRODUCTS AND CHEMICALS, INC.**

## CERTIFICATE OF SERVICE

    I certify that on August 19, 2016, I served a copy of *Air Products and Chemicals, Inc.'s Notice of Removal* on the following counsel of record by electronic service, and the electronic transmission was reported as complete. My e-mail address is smccarty@johnsontrent.com.

                                       */s/ Scott E. McCarty*
                                       Scott E. McCarty

Hunter M. Barrow
Wade A. Johnson
THOMPSON & KNIGHT LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
**Attorneys for Plaintiff Badger Midstream Energy, L.P.**