# Exhibit 1

 **CT Corporation**

**Service of Process Transmittal**
07/25/2016
CT Log Number 529562248

**TO:** Steve Ferrara, Assistant General Counsel - Litigation
Air Products and Chemicals, Inc.
7201 Hamilton Blvd
Allentown, PA 18195-1501

**RE:** **Process Served in Texas**

**FOR:** Air Products and Chemicals, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BADGER MIDSTREAM ENERGY, LP, Pltf. vs. Air Products and Chemicals, Inc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 127th Judicial District Court Harris County, TX<br>Case # 201647310 |
| **NATURE OF ACTION:** | Plaintiff prays for judgment against defendant for breach of contract |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/25/2016 at 13:10 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | Hunter M. Barrow<br>THOMPSON & KNIGHT LLP<br>333 Clay Street, Suite 3300<br>Houston, TX 77002<br>713-654-8111 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 783668072188<br><br>Image SOP<br><br>Email Notification, Steve Ferrara  ferrarss@airproducts.com<br><br>Email Notification, Melissa Koch  kochm@airproducts.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of 1 / RV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| RECEIPT NUMBER | 0.00 |
| TRACKING NUMBER | 73267829  ATY |

**CAUSE NUMBER**  201647310

| | |
|---|---|
| PLAINTIFF: BADGER MIDSTREAM ENERGY LP<br>vs.<br>DEFENDANT: AIR PRODUCTS AND CHEMICALS INC | In The 127th<br>Judicial District Court of<br>Harris County, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

TO: AIR PRODUCTS AND CHEMICALS INC (A FOREIGN FOR-PROFIT CORPORATION)
    BY SERVING THROUGH ITS REGISTERED AGENT   CT CORP SYSTEM
    1999  BRYAN STREET STE 900    DALLAS  TX   75201 - 3136

Attached is a copy of  PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on the ___18th___ day of ___July___, 20__16__, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED**; you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___18th___ day of ___July___, 20__16__.

*Chris Daniel*
**CHRIS DANIEL, District Clerk**
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

Issued at request of:
BARROW, HUNTER MAC
333   CLAY ST., SUITE 3300
HOUSTON, TX  77002
TEL: (713) 951-5838
Bar Number: 24025240

Generated by: CUERO, NELSON  7MM//10435773

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20_____, at _____ o'clock ____.M., endorsed the date of delivery thereon, and executed it at _____
(STREET ADDRESS)        (CITY)

in _____ County, Texas on the _____ day of _____, 20_____, at _____ o'clock ____.M.,

by delivering to _____, by delivering to its
(THE DEFENDANT CORPORATION NAMED IN CITATION)

_____, in person, whose name is _____,
(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
(DESCRIPTION OF PETITION, E.G., "PLAINTIFF'S ORIGINAL")

and with accompanying copies of _____.
(ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____                By: _____
                                     (SIGNATURE OF OFFICER)

                                Printed Name: _____

_____         As Deputy for: _____
Affiant Other Than Officer                                (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20_____.

_____
Notary Public

*[handwritten: 7-25-2016 / Sheriff / CT Corp]*

N.INT.CITC.P            *73267829*

7/18/2016 12:58:37 PM
Chris Daniel - District Clerk Harris County
Envelope No. 11681930
By: Nelson Cuero
Filed: 7/18/2016 12:58:37 PM

**2016-47310 / Court: 127**

NO. _____

| | | |
|---|---|---|
| BADGER MIDSTREAM ENERGY, LP | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| AIR PRODUCTS AND | § | ____ JUDICIAL DISTRICT |
| CHEMICALS, INC. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Badger Midstream Energy, LP ("Badger") files this Original Petition against Defendant Air Products and Chemicals, Inc. ("Air Products"), and respectfully shows this Court as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery in accordance with Level 2 of Texas Rule of Civil Procedure 190.3.

### PARTIES

2. Plaintiff Badger is a Texas limited partnership with its principal office in Harris County, Texas.

3. Defendant Air Products is a foreign for-profit corporation organized under the laws of Delaware. Air Products can be served through its registered agent CT Corp System at 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this dispute because the amount in controversy exceeds the jurisdictional limits of this Court. Further, Defendant has purposefully availed itself of the privilege of doing business in Harris County, Texas during all times relevant to this law suit by contracting and/or operating in Harris County, Texas.

5.  Harris County is the proper venue because all or a substantial part of the acts and/or omissions giving rise to this dispute occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

### CONDITIONS PRECEDENT

6.  All conditions precedent have been performed as provided in Texas Rule of Civil Procedure 54.

### DAMAGES

7.  Pursuant to Texas Rule of Civil Procedure 47, Badger seeks monetary relief over $1,000,000.

### INTRODUCTION

8.  This is an action brought by Badger seeking damages for Air Products' breach of a tolling contract that the parties entered into for the refining of crude helium. Under the tolling contract, Air Products gave notice to Badger of its intent to tender a certain amount of crude helium, and thus triggered Badger to reserve capacity at its refining facility for Air Products in 2014 and 2015. Because Air Products did not provide sufficient quantities of crude helium to Badger in 2014 or 2015, and because Air Products failed to cure its deficiency under the tolling contract, Badger brings this lawsuit.

### FACTUAL BACKGROUND

9.  On or about January 1, 1999, Badger's predecessor, Keyes Helium Company, LLC ("Keyes"), and Air Products Helium, Inc., the predecessor to Air Products, entered into a contract for the sale and purchase of liquid helium (the "Contract").

10. Section 6 of the Contract includes tolling provisions (the "Tolling Provisions"), under which the buyer (Air Products) provides crude helium to be refined at the seller's

(Badger's) facility at a designated price (the "Toll Price"). Contract Art. VI at p. 14-16. Upon Air Products' request for tolling, the Tolling Provisions require that Air Products provide Badger the necessary quantity of crude helium to produce up to 170 MMCF of liquid helium per year. Contract § 6.2 at p. 14-15. Badger reserves the necessary capacity at its helium plant facility at the Air Products' request.

11. The respective parties operated under this arrangement for approximately fifteen years.

12. A fifth amendment to the Contract (the "Fifth Amendment"), executed in October 2014, ratified and re-established this right for 2015:

> Contract Year 2015 Volume Assurance. [Air Products] agrees to tender to [Keyes/Badger] a quantity of Crude Helium sufficient to allow [Keyes/Badger's] facility to produce at a capacity up to 170 MMCF of liquid helium during contract year 2015.

Fifth Amendment at p. 4.

13. On October 31, 2013, Air Products notified Badger of its tolling requirements for the 2014 contract year and stated that it would "tender a quantity of Crude Helium sufficient to allow [Badger's] Facility to produce at a capacity up to 170 MMCF of Liquid Helium during contract year 2014."

14. On November 14, 2014, Air Products gave the same type of notice and request for the 2015 contract year.

15. Despite these requests, Air Products failed to tender the sufficient quantity of helium under the Contract's Tolling Provisions and the Fifth Amendment to Badger.

16. As a result, Badger lost the use of its facility that was reserved for Air Products.

17. Badger notified Air Products of its deficiency under the Contract, and gave notice of its intent to terminate the contract.

3

## CAUSES OF ACTION

### COUNT 1 – BREACH OF CONTRACT

18. Badger incorporates by reference all of the foregoing as if fully set forth herein.

19. Air Products entered into the Fifth Amendment.

20. Air Products ratified the Contract by executing the Fifth Amendment.

21. The Contract, as modified by the Fifth Amendment, is a valid, enforceable contract.

22. Air Products invoked the Tolling Provisions of the Contract and the Fifth Amendment by providing notice to Badger of its intent to tender a sufficient quantity of helium to Badger under the Contract in both 2014 and 2015.

23. Badger reserved said Tolling capacity for Air Products and fully performed its obligations under the Contract and the Fifth Amendment.

24. Air Products breached the Contract and the Fifth Amendment by failing to tender the sufficient quantity of helium under the Contract to Badger in both 2014 and 2015.

25. Air Products' breach of the Contract and the Fifth Amendment caused injury to Badger in an amount of at least $1,025,020, plus ongoing interest, attorneys' fees, and costs.

### ATTORNEYS' FEES

26. Badger incorporates by reference all of the foregoing as if fully set forth herein.

27. As a result of Air Products' conduct, it has been necessary for Badger to engage the law firm of Thompson & Knight LLP to prosecute this action and protect its rights.

28. Badger is entitled to recover its reasonable and necessary attorneys' fees incurred in the prosecution of this action, as well as costs.

## REQUEST FOR DISCLOSURE

29. Pursuant to Texas Rule of Civil Procedure 194, Badger requests that Air Products disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## PRAYER

Badger respectfully requests that Air Products be cited to appear and answer herein and this Court award Badger its damages, attorneys' fees, pre- and post-judgment interests, court costs, and all other relief to which it may be entitled.

Respectfully submitted,

THOMPSON & KNIGHT LLP

By /s/ Hunter M. Barrow
    Hunter M. Barrow
    State Bar No. 24025240
    Wade A. Johnson
    State Bar No. 24062197
    333 Clay Street, Suite 3300
    Houston, Texas 77002
    Phone: 713/654-8111
    Fax: 713/654-1871
    hunter.barrow@tklaw.com
    wade.johnson@tklaw.com

ATTORNEYS FOR PLAINTIFF
BADGER MIDSTREAM ENERGY, LP